IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Calvin Hendrix, # 231316, | ) | C.A. No. 3:09-2275-TLW-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Broad River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1). The respondent filed a return and motion for summary judgment on February 12, 2010. (Docs. # 14 and # 15). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed February 16, 2010 that he had thirty-four (34) days to file any material in opposition to the motion for summary judgement. (Doc. # 16). Petitioner did not file a response.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge McCrorey recommends that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Petitioner has filed objections to the Report. (Docs. # 21 & # 22).

In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. In light of the additional filings by Petitioner, the Court declines to accept the Report at this time. In Petitioner's May 12, 2010, and May 24, 2010, filings, he indicates that he wishes to proceed with this action but that he does not know how to file a response to the respondent's motion for summary judgment. In light of Petitioner's statements the Court declines to dismiss this case for failure to prosecute at this time. Accordingly, this case is remanded to the Magistrate Judge for further review consistent with the procedure set forth below.

The Court hereby requests that the clerk's office forward to Petitioner, along with this Order, a copy of the Roseboro order previously entered in this case on February 16, 2010. It should be noted that pages 3-5 of that Order include excerpts from Rule 12 and Rule 56 of the Federal Rules of Civil Procedure. Specifically, Page 4 contains an explanation of the summary judgment procedure. Petitioner shall have 20 days from the date of this Order to file any materials he wishes the Court to consider with regards to his petition and the pending motion for summary judgment. No further extensions of time to file will be given.

After the time period for Petitioner's filings has run, the Magistrate Judge is requested to prepare a Report and Recommendation for review by the Court.

**IT IS SO ORDERED.**

    s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

July 1, 2010
Florence, South Carolina